IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TENNESSEE CLEAN WATER NETWORK, | ) ) ) |
| Plaintiff, | ) ) ) ) Civil No. 1.12-cv-0189 ) ) Judge Haynes |
| v. | ) ) |
| TENNESSEE VALLEY RECYCLING, LLC, | ) ) ) |
| Defendant. | ) |

# [PROPOSED] CASE MANAGEMENT ORDER NO. 2

## I. Jurisdiction and Venue

Jurisdiction and venue have been invoked pursuant to 33 U.S.C. § 1365(a) and 28 U.S.C. § 1331, and is not in dispute. Venue is appropriate in this Court pursuant to 33 U.S.C. § 1365(c)(1).

## II. Parties' Theories of the Case

### A. Plaintiff's Theory of the Case

This is a citizen enforcement suit brought by Plaintiff Tennessee Clean Water Network ("TCWN") pursuant to Section 505(a)(1) of the federal Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(1), to address ongoing violations of the CWA by Defendant, Tennessee Valley Recycling, LLC ("TVR") at its scrap metal yard in Giles County, Tennessee. Specifically, TVR has violated, and continues to violate, the CWA by violating effluent limits and narrative

requirements established in its national pollutant discharge elimination system ("NPDES") permit, number TN0070063, including: (1) discharging polychlorinated biphenyls in excess of the permit limit, (2) discharging total suspended solids in excess of the permit limit, (3) discharging zinc in excess of permit limits, (4) failing to properly operate and maintain treatment systems, sample & test equipment, and (5) failing to truly and correctly report discharges of polychlorinated biphenyls.

Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), this Court should assess civil penalties for each day of violation of TVR's permit. This Court should also order injunctive relief requiring TVR to achieve compliance with the CWA and remediate the harm to the environment caused by its violations of the CWA. Finally, this Court should award TCWN its costs, including reasonable attorney's fees and expert witness fees, pursuant to Section 505(d) of the CWA, 33 U.S.C. § 1365(d).

### B.    Defendant's Theory of the Case

Tennessee Valley Recycling, LLC ("TVR") reserves the right to amend its theory of the case as discovery progresses in this matter.

TVR operates a scrap metals recycling facility at 821 West College Street, Pulaksi, Giles County, Tennessee (the "Facility"). TVR discharges industrial stormwater from the Facility to Richland Creek pursuant to an NPDES Permit (No. TN008003) issued by the Tennessee Department of Environment and Conservation. TVR denies that it has violated the federal Clean Water Act.

TVR further asserts that any alleged violations of its NDPES Permit or the Clean Water Act are wholly past and not likely to reoccur. Thus, the Court lacks jurisdiction over Plaintiff's claims.

2

TVR also alleges that Plaintiff lacks standing to bring a citizen suit against TVR, in that TVR denies that any member of Plaintiff has suffered any injury caused by TVR's conduct.

TVR states that, under the authority of the EPA, TDEC has commenced and is diligently prosecuting an administrative civil penalty action against TVR for the violations alleged to have been committed in this action. Accordingly, this Court lacks subject matter jurisdiction over this action pursuant to 33 U.S.C. § 1319(g)(6).

TVR further submits that TDEC's Issuance of the new permit to TVR and/or the resolution of the pending appeal petition before the Division of Water Resources (Case No. WPC12-0130) will render this action moot.

To the extent Plaintiffs notice(s) failed to strictly comply with the sixty (60) day notice requirement for citizen's suits pursuant to the Clean Water Act, TVR avers that jurisdiction is lacking as to some or all of Plaintiff's claims.

TVR also raises the applicable statute of limitations to the extent Plaintiff is seeking to assert claims for alleged violations that occurred more than five years prior to this suit.

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before April 7, 2013.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

On or before June 6, 2013, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. Representatives of TCWN and TVR shall attend the meeting. After the meeting is conducted,

3

counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of the case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

Trial is set for April 15, 2014 in Columbia. The pretrial conference shall be held on March 31, 2014 at 3:00 p.m. in Columbia. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by close of business[1] on January 14, 2014. All written discovery shall be submitted in sufficient time so the response shall be in hand by close of business December 5, 2013. All discovery related motions shall be electronically filed by midnight[2] on December 12, 2013. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting further precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[3] and <u>Daubert</u> motions shall be electronically filed by midnight on January 6, 2014, and any responses thereto shall be electronically filed by midnight on February 5, 2014. Any reply shall be electronically filed by midnight on February 19, 2014.[4]

---

[1] Close of business means 5:00 pm Central time.
[2] All times noted are Central time.
[3] No memorandum in support of, or in opposition to, any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court, except as otherwise provided herein.
[4] Strict compliance with Rule 56.01(d), Local Rules of Court (effective April 19, 2012) is required.

4

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained with the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and request for admission is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective April 19, 2012) shall govern.

By the close of business on October 1, 2013, Plaintiff shall declare to Defendant (not file with the Court) the identity of its expert witness(es) and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on November 15, 2013, Defendant shall declare to Plaintiff (not file with the Court) the identity of its expert witness(es) and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on December 16, 2013.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admission upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39.01(c)(6)(effective April 19, 2012) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this, the 27th day of August, 2013.

WILLIAM J. HAYNES, JR.
United States District Judge