## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **TENNESSEE CLEAN**<br>**WATER NETWORK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 1.12-cv-0189** |
| **v.** | ) | |
| | ) | **Judge Haynes** |
| | ) | |
| **TENNESSEE VALLEY** | ) | |
| **RECYCLING, LLC,** | ) | |
| **Defendant.** | ) | |

## CONSENT DECREE

WHEREAS, the parties to this Consent Decree are Plaintiff Tennessee Clean Water Network ("Plaintiff"), and Defendant Tennessee Valley Recycling, LLC ("TVR") (collectively the "Parties");

WHEREAS, Plaintiff is a nonprofit corporation with its principal office in Knoxville, Tennessee, and with members who live and work in or near Pulaski, Tennessee;

WHEREAS, TVR is a Delaware limited liability corporation with a scrap metal processing facility located at 821 West College Street, Pulaski, Giles County, Tennessee 38478 (the "Facility");

WHEREAS, Plaintiff filed a Complaint in this action on December 17, 2012, pursuant to Section 505 of the Clean Water Act (CWA), 33 U.S.C. § 1365, alleging that industrial stormwater discharges from the Facility violate the CWA and the permit issued to TVR thereunder;

WHEREAS, TVR denied all such allegation and purported violations and asserted various defenses;

1

Case 1:12-cv-00189   Document 25-1   Filed 01/13/14   Page 1 of 10 PageID #: 183
Case 1:12-cv-00189   Document 27   Filed 01/14/14   Page 1 of 7 PageID #: 194

WHEREAS, the Parties wish to compromise and resolve all claims between and among them without admission of liability or further proceedings;

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties, and that this Consent Decree is an adequate and equitable resolution of the claims in the above-captioned case; and

WHEREAS, a copy of the proposed Consent Decree was received by the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency more than forty-five (45) days before entry of this Consent Decree as required by 33 U. S. C. § 1365(c)(3).

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, without any admission by TVR of the violations alleged in the Complaint, and in consideration of the mutual promises and covenants contained herein, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.      For purposes of the entry of this Consent Decree, the Parties agree that the Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 or 33 U.S.C. § 1365(a). For purposes of the entry of this Consent Decree, the Parties agree that venue lies in this District pursuant to Section 505(c)(1) of the CWA, because it is the judicial district in which the alleged violations occurred.

## II. COVERAGE

2.      The provisions of this Consent Decree shall apply to, and be binding upon, the Parties and their respective officers, directors, shareholders, successors, affiliates, parent

2

Case 1:12-cv-00189   Document 25-1   Filed 01/13/14   Page 2 of 10 PageID #: 184
Case 1:12-cv-00189   Document 27   Filed 01/14/14   Page 2 of 7 PageID #: 195

companies, subsidiaries, heirs, and assigns and upon the members of TVR.

3.    TVR agrees not to challenge the terms of this Consent Decree in any bankruptcy proceeding.

### III. SUPPLEMENTAL ENVIRONMENTAL PROJECT

4.    Defendant shall pay $25,000 for a Supplemental Environmental Project ("SEP") described in Exhibit A attached hereto.  TVR shall execute any and all instruments necessary to ensure that the $25,000 payment is used by the entity or entities set forth in Exhibit A for the intended purpose.  Payments shall be made according to the following schedule:

a.    $6,250 three months after the date of entry of this Consent Decree;

b.    $6,250 nine months after the date of entry of this Consent Decree;

c.    $6,250 fifteen months after the date of entry of this Consent Decree; and

d.    $6,250 twenty-one months after the date of entry of this Consent Decree.

5.    The Parties agree that the SEP shall take the place of any civil penalties that might have been awarded for any violations of the CWA that might have been found had this matter progressed to trial.

6.    TVR has also agreed to pay an additional $10,000 toward the SEP as part of a Consent Order with the Tennessee Department of Environment and Conservation ("TDEC").  Payments under the TDEC Consent Order shall be made according to the following schedule:

a.    $2,500 three months after the date of entry of this Consent Decree;

b.    $2,500 nine months after the date of entry of this Consent Decree;

c.    $2,500 fifteen months after the date of entry of this Consent Decree; and

d.    $2,500 twenty-one months after the date of entry of this Consent Decree.

3

## IV. COSTS OF LITIGATION

7.    Defendant shall pay $25,000 to Plaintiff for its reasonable costs of litigation in this matter. Such payment shall be made within thirty (30) days of entry of the Consent Decree.

8.    Plaintiff shall bear its own attorneys' and experts' fees and any other costs incurred in connection with this action that are in excess of the amount set forth to be paid by TVR to Plaintiff in Paragraph 7 above.

## V. INJUNCTIVE RELIEF, MONITORING, AND STIPULATED PAYMENTS

9.    TVR is in the process of performing a sampling study of polychlorinated biphenyls ("PCBs") for (1) water column concentrations at the current and above the former discharge locations, (2) sediment concentrations at the current and above the former discharge locations and (3) fish tissue sampling. The sampling plan was reviewed and approved by TDEC prior to commencement. A copy of the report containing the results of the sampling study will be provided to TCWN and the City of Pulaski when it is submitted to TDEC.

10.  For a period of two (2) years or until six (6) consecutive months of TSS and PCB samples are in substantial compliance with permit limits (95% or more), TVR will monitor and report PCB and total suspended solids ("TSS") on Discharge Monitoring Reports (DMRs) submitted to TDEC on a monthly, rather than quarterly, basis. TVR may revert to monitoring and reporting as required by TVR's 2013 NPDES permit after two (2) years or six (6) consecutive months of substantial compliance as defined above. If no sample is taken during a given month, that month shall not count as part of the six consecutive months, nor will it break the continuity of other consecutive months, of PCB and TSS samples that are in substantial compliance.

11.   TVR agrees to install additional solids removal/filtration devices to further treat

4

Case 1:12-cv-00189   Document 25-1   Filed 01/13/14   Page 4 of 10 PageID #: 186
Case 1:12-cv-00189   Document 27   Filed 01/14/14   Page 4 of 7 PageID #: 197

the discharge from the pond at the Facility. Installation is expected to be complete by February 15, 2014 and may require some adjustment for optimum operation. Thus, for purposes of paragraphs 10 and 12, monitoring and reporting of PCBs and TSS will begin in April, 2014.

12.     For a period of three (3) years from the date of entry of the Consent Decree, TVR agrees to pay stipulated payments to the entity receiving the SEP funds as set forth in Exhibit A for any PCB or TSS violation reported on DMRs submitted to TDEC within 30 days of TVR's receipt of such results according to the following matrix:

| Percent Exceedance of Value Reported on DMR | TSS | PCBs |
|---|---|---|
| <10% | $0 | $250 |
| 10%-50% | $250 | $500 |
| >50% | $500 | $750 |

## VI. EFFECTIVE DATE

13.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## VII. RETENTION OF JURISDICTION

14.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree or effectuating or enforcing compliance with the terms of this Decree.

## VIII. MODIFICATION

15.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties, or by order of the Court. If a modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.

5

Case 1:12-cv-00189   Document 25-1   Filed 01/13/14   Page 5 of 10 PageID #: 187
Case 1:12-cv-00189   Document 27   Filed 01/14/14   Page 5 of 7 PageID #: 198

## IX. TERMINATION

16.     This Consent Decree will terminate three years after the date when the Consent Decree is entered by the Court.

17.     The Plaintiff agrees to execute and file with the Court a Notice of Termination of Consent Decree three years after the date the Consent Decree is entered by the Court.

## X. FINAL JUDGMENT AND RELEASE OF CLAIMS

18.     Upon entry, this Consent Decree shall become effective and shall constitute a final judgment of the Court as to the Parties.  The Consent Decree shall be deemed to settle all claims asserted by Plaintiff in this case, as well as any future claims and suits related to the discharge of industrial stormwater from the Facility through the date of termination of this Consent Decree.  Accordingly, Plaintiff releases TVR from all pending and potential claims and causes of action related to violations of the CWA for industrial stormwater discharges from the Facility through the date of termination of this Consent Decree, other than claims to enforce this Consent Decree.  This release includes, but is not limited to, all claims and violations that were or could have been alleged in the Plaintiff's sixty-day notice to TVR prior to the filing of this action and all claims and violations that were or could have been alleged in the Complaint filed in this action.

## XI.     GENERAL PROVISIONS

19.     The Plaintiff's claims in this action are disputed by TVR, and this Consent Decree represents the compromise of such disputed claims.  This Consent Decree and compliance with this Consent Decree shall not constitute, or be construed as, and are not intended to be, an admission concerning the validity of any such claim, or an acknowledgement by TVR of any wrongdoing or liability, all such wrongdoing and liability being expressly denied.

Case 1:12-cv-00189   Document 25-1   Filed 01/13/14   Page 6 of 10 PageID #: 188
Case 1:12-cv-00189   Document 27   Filed 01/14/14   Page 6 of 7 PageID #: 199

20.     Upon entry of this Consent Decree, the above-captioned action is dismissed with prejudice subject to the Court's continuing jurisdiction. In the event that the Court should reject this proposed Consent Decree, it shall be of no further force and effect and the Parties shall return to their position prior to its lodging with the Court.

Based upon the entire record herein, the Court hereby finds that this Consent Decree is fair, reasonable, and in the public interest.

ENTERED this _14th_ day of _January_ , 2013.

_____
UNITED STATES DISTRICT JUDGE

WE HEREBY CONSENT to the entry of this Consent Decree, subject to the requirements of 33 U.S.C. § 1365(c)(3):

For Plaintiff Tennessee Clean Water Network:

_____
RENEE VICTORIA HOYOS
Executive Director
Tennessee Clean Water Network
P.O. Box 1521
Knoxville, TN 37901
Telephone: 865-522-7007 x100
Facsimile: 865-525-4988

_____
STEPHANIE D. MATHENY (BPR#27783)
Attorney
Tennessee Clean Water Network
P.O. Box 1521
Knoxville, TN 37901
Telephone: 865-522-7007 x102
Facsimile: 865-525-4988